IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| CALVIN Z. GRIFFIN | ) | |
| | ) | CAUSE NO. CV 06-12-H-CSO |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS ACTION |
| MIKE MAHONEY, Warden, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently pending before the Court is "Pro Se Petitioner's Request for Declaratory Judgment" (Document 1), "Pro Se Petitioner's Request for Reconsideration and if denied Objection to this Court's Modification of Petitioner's Pleading Title and Intent" (Document 6) and a Motion to Add New Related Evidence Recently Obtained. (Document 7).

Plaintiff is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint

ORDER AND FINDINGS AND RECOMMENDATION TO DISMISS ACTION / PAGE 1

is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe pro se pleadings.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

**II. Plaintiff's Allegations**

Mr. Griffin is seeking relief expressly and apparently solely under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2004).  He has asked the Court to define the constitutional rights of "jailhouse lawyers" and what rights a pro se litigant has in his legal materials within the Montana State Prison.

ORDER AND FINDINGS AND RECOMMENDATION TO DISMISS ACTION / PAGE 2

### III. Request for Reconsideration

On April 4, 2006, Griffin applied to proceed in forma pauperis. (Document 2). That application was granted April 10, 2006. (Document 5). In the Order granting Griffin in forma pauperis status, the Court construed the "Request for Declaratory Judgment" as a Complaint filed under 42 U.S.C. § 1983. Griffin objected to that characterization and has requested the Court to reconsider that portion of its Order. (Document 6).

Mr. Griffin has the right to present his claims in the format and under the law that he chooses. Therefore, the Court will grant his Request for Reconsideration and only consider his claims under the Declaratory Judgment Act.

### IV. Analysis

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 is purely procedural and does not create any substantive rights or confer federal jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950); Nationwide Mutual Insurance Co. v. Liberatore, 408 F.3d 1158 (9th Cir. 2005). A pre-requisite to declaratory relief is that there already exist "an actual controversy within [the Court's] jurisdiction." 28 U.S.C. § 2201. Mr. Griffin's claim must therefore "arise under" some other Constitutional or statutory provision.

This Court does not have jurisdiction over claims brought exclusively under the Declaratory Judgment Act and therefore it

ORDER AND FINDINGS AND RECOMMENDATION TO DISMISS ACTION / PAGE 3

will recommend that the Request for Declaratory Judgment be denied for lack of jurisdiction.

Even if the Court liberally construed Mr. Griffin's filing as being brought under 42 U.S.C. § 1983, it should still be dismissed.[1]  A plaintiff is not entitled to a declaratory judgment every time a defendant is in the wrong.  Like other forms of equitable relief, declaratory judgment "should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor . . . afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc).

"An action for a declaratory judgment is live, not moot, if 'the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Skysign International, Inc. v. Honolulu, 276 F.3d 1109, 1114 (9th Cir. 2002) (quoting Pub.

---

[1] Section 1983 does provide a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. See Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Demery v. Kupperman, 735 F.3d 1139, 1146 (9th Cir. 1984).

Utils. Comm'n v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

Declaratory judgment should resolve "a substantial and important question currently dividing the parties." Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 703-04 (9th Cir. 1992) (counseling against granting declaratory relief as to "a wholly past violation of federal law").

The issues raised by Mr. Griffin do not raise new issues of law or issues which are so unique as to warrant a declaratory statement regarding the acts of the Defendants.  There is clear law regarding these types of claims.[2]  Therefore, the Court does not believe that declaratory judgment would serve a useful purpose.

---

[2]Shaw v. Murphy, 532 U.S. 223 (2001), held that inmates have no "special" First Amendment right to provide legal assistance to other inmates. Id. at 228. Rather, courts were directed to analyze constitutional challenges to prison policies under Turner v. Safley, 482 U.S. 78 (1987). Shaw, at 231-232. Turner provides that restrictions on prisoners' communications to other inmates are constitutional if the restrictions are "reasonably related to legitimate penological interests." Id., at 89.
    Insofar as Griffin asserts the rights of other inmates whether it be to receive his legal assistance or to maintain their own legal claims, he has no standing to raise such claims. See, e.g., Tuggle v. Barksdale, 641 F. Supp. 34, 36 (W.D. Tenn. 1985) ("one inmate does not have the standing to assert the separate constitutional right of another inmate to [his] access to the courts[.]"); Gassler v. Rayl, 862 F.2d 706, 707-708 (8th Cir. 1988); Schenck v. Edwards, 921 F. Supp. 679, 682-683 (E.D. Wash. 1996).

Based on the foregoing, the Court enters the following:

**ORDER**

1.  Griffin's Request for Reconsideration (Document 6) is **GRANTED.**

2.  In light of the Court's recommendation that this matter be dismissed, Griffin's "Motion to Add New Related Evidence Recently Obtained" is **DENIED AS MOOT.**

Further the Court enters the following:

**RECOMMENDATION**

Mr. Griffin's Request for Declaratory Judgment (Document 1) should be **DENIED** and this matter should be closed.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Mr. Griffin.  Griffin is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

**GRIFFIN IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 13th day of September, 2006.

>/s/ Carolyn S. Ostby
> Carolyn S. Ostby
> United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION TO DISMISS ACTION / PAGE 7